May it please the Court, my name is Patrick Moran on behalf of Plaintiff's Appellants in this matter and I'd also like to reserve two minutes for my rebuttal. Alright, well hope you have two left. There are two primary issues in this case and the first is what is the standard to be applied to a motion to dismiss where standing is implicated under Section 11 of the Securities Act? The second would be applying that correct standard have the plaintiffs met their burden of pleading in this case. I think the biggest issue that comes under the first issue there is whether Rule 12b-1 or 12b-6 applies to this case. There was a lot of confusion over this and plaintiffs argued vehemently in the District Court that Rule 12b-6 applied because this is a question of statutory standing under a particular federal statute as opposed to Article 3 standing which would implicate the court's subject matter jurisdiction. The District Court ruled in the first motion to dismiss that the issue of standing under Section 11 did implicate the court's subject matter jurisdiction and for that reason it was going to judge the motion to dismiss under Rule 12b-1. The implication of that for the plaintiffs was that the standing issue which would ordinarily if it was a matter of statutory standing be a question of fact for the finder of fact, usually the jury, immediately came at issue meaning that the court could then take into consideration evidence outside of the pleadings such as affidavits or declarations that were proffered by defendants. Now these, this extra complaint information that came from defendants in the form of declarations, plaintiffs argued that this didn't defeat plaintiffs' standing allegations and under Section 11, under Section 11 standing is a rather simple issue as plaintiffs see it. The statute itself simply says that a plaintiff must have purchased a security pursuant to the registration that stated that they were complaining about. And here plaintiffs did that. In fact, plaintiffs did more. The initial complaint listed the price that they paid, the date on which they purchased their securities and said that they had purchased the shares pursuant to or traceable to the registration. Sotomayor, I see Twombly and Iqbal as, that's the elephant in the room here. And so, which requires that you state a plausible claim. Correct. And how do you do that here? What, if we look at the complaint, how does it state a plausible claim? So I think there's two parts of that. The first is the legal issue of how Twombly and Iqbal and their project change the pleading standard in this case. And I think that they don't. And the reason for that is that there's always. Well, I think you're wrong. And I think everyone thinks you're wrong on that. It, you have to state a plausible claim. Now, exactly how it plays out in every case, that might be. But they wouldn't have decided Twombly and Iqbal if it was the same as before. I agree with Your Honor that it has to be a plausible claim. And here, I think plaintiffs have definitely stated a plausible claim for standing under Section 11. Plaintiffs argue, or plaintiffs allege clearly that they purchased stock what they claim is the date of the offering, January 28th, and then two days later on January 30th. Well, counsel, if it's not the claim that has to be plausible, but a reasonable extension of Twombly and Iqbal, that all of the elements of the claim have to be plausible. And as long ago as Judge Friendly pointed out that in order to satisfy your claim under Section 11, you have to be able to directly trace your purchase to the document and the offering covered by that document that is in contest. And you can do that where there's an initial public offering and all the stock in circulation is traceable to that. And you can't do it where there are multiple offerings. There's all kinds of stock in existence that doesn't qualify under that statement. Now, if that's true, why waste time? Why have the party spend a lot of money on discovery and everything? Why not just get rid of it at the get-go? The issue here is impossibility versus being able to satisfy plaintiff's burden on a    You can't trace the shares, but you can trace the stock. And you can't trace a conditional condition of fact, which would be a preponderance of the evidence. It may be difficult. You're correct. And we conceded this to the district court as well, that it may be difficult to trace the shares. But it is not impossible. How would you do it? Because that's what Judge Olson was after you to do. Show us, not prove it as a matter of fact, but establish a protocol that would enable you to trace at least one share of stock, although that may be a misnomer under modern conditions, but trace it from a plaintiff all the way back to that offering. How do you do that? And the way you would do it is attempt to prove it by preponderance of the evidence just like any other question of fact. You would take depositions. You would do your best to trace it back, every link in the chain. All right. Let's assume you identified a plaintiff and identified a particular purchase of that stock through a broker. Correct. And are you suggesting that you could have a broker testify, well, as a matter of fact, there are millions of shares, but I made a special point of making sure that the only shares went to this claim from this particular thing? Are you saying you could accomplish that? No, not at all. And I don't think any one piece of evidence would satisfy the preponderance of the evidence burden. I think it would take a number of things, such as we started down the path in attempting to satisfy the district court in this case. We went and tried to talk to the brokers that these people had dealt with. Did any of the brokers say, we segregate shares in this particular enterprise by offerings? We were only able to talk to one broker. We only had 30 days to do this and no subpoena power. And the one broker that we did talk to was Vanguard. And Vanguard said, we bought the shares from a third party, Citigroup. And so that's as far as we could get. They didn't know whether they were segregated or not. What the Vanguard broker knew is that the plaintiff in that instance, Peter Abrams, had called him asking for stock in the offering. And that's in the complaint. And so it was the intent of the plaintiff to purchase stock in the offering. Now, whether he actually did that, as defendants say, it may be hard to prove. But I don't think it's impossible. And I don't think the intent of Section 11 is to make it impossible for a plaintiff to prove standing under Section 11. Because not only would this apply if the court upholds the district court's decision, not only would it apply to secondary offerings, it would also apply to IPOs. Because in IPOs, there's often preexisting shares that are co-mingled after the IPO that then pollute the pool. So even a plaintiff in that instance wouldn't be able to state a claim under Section 11 for standing. Well, what the court said to you, it relied on Century Aluminum's registration statement, which was incorporated by reference, correct? And the court cited the registration statement and said it showed 24,500,000 shares were offered in the secondary offering, and there were 49,052,692 shares of Century Aluminum stock already in the market. Then second, the registration statement said Glencore, Century's largest shareholder, had subscribed to purchase 13,242,250 shares in this offering. And what the court said was this means only 11,257,750 shares of about 75 million shares were part of the secondary offering and were publicly available, that you needed to show but did not offer some facts that could tie the broker's purchases to this subset. Right. The district court is explaining that about 15% of the shares at that point, that we know for sure were on the market, were secondary offering shares, 15%. So each individual plaintiff has a 15% chance that his shares that he intended to buy in the secondary offering were, in fact, secondary offering shares. And that means that necessarily means that it is not impossible for him to trace his shares. Yeah, but that's not the problem. It's a plausible standard. It's not the standard isn't not impossible. It's a plausible standard, and that does up it from just a possibility and or not impossible. And I think plaintiffs would have been, you know, willing to do whatever they needed to do to establish plausibility. Was this a Third Amendment complaint? It was. The district court never enumerated what plausibility would be. She said that plaintiffs hadn't established their burden of pleading but never said what the standard should be. It doesn't direct tracing, require you to be able to show. By tracing means kind of like a chain of evidence or a chain of title. Don't you have to take with regard to at least one share of stock, take that back through the entire process, identify each and every broker, each and every seller through whom that piece of stock passed, and get a statement from him or her that I did not commingle shares, I didn't have any shares for sale from the general market, all the shares I had were exclusive to that one offering. Isn't that what Judge Allison thought you had to show? And isn't that what the cases percolating up, at least in the northern district of California and generally throughout the State, are holding? That it isn't possible because no broker would be willing to testify to that. And if that was the standard, I would agree it probably would be impossible. However, just like any other question of fact, why shouldn't plaintiffs be able to bring in circumstantial evidence and use depositions to show that by a preponderance of the evidence, the shares came from the secondary offer? But at least the Fifth Circuit says even if you could show that 98% of the stock was covered by the suspect statement, that wouldn't be sufficient. Right. You have to show 100%. And you're speaking to the opinion in CRIM? Yes. Yes. The CRIM decision also was under Rule 12b-1, and all the cases that you're talking about that are percolating up that say that plaintiffs need to set in stone each link in the chain are premised under the wrong standard that was first introduced by CRIM in 12b-1. This isn't a 12b-1 question. It's a fact question. It's a fact question just like whether the misstatements are material or not. Can you show what exactly materiality is? No. You show it by circumstantial evidence, by bringing in, you know, various amounts of information. So I think we're being held to an unreasonable standard here, and by applying that unreasonable standard, you're erasing Section 11 from the books. If the rule is that every shareholder, investor that wants to sue on any sort of offering, has to set in stone, trace every link, he's not going to be able to do it. And that's true, because we know from market realities that there's no barcode on stock. Sure. So there's no way to do that. So the only way to possibly do it to satisfy congressional intent under Section 11, which is to be a remedial statute that is meant to protect investors from misstatements, is to allow them to use, like every other question of fact, circumstantial evidence, depositions, documents to put together a case for why they've set aside standards. Except that Section 11 is not the exclusive means of showing justifiable reliance on misrepresentations. It simply eliminates certain burdens the plaintiff would otherwise have to bear. And it eliminates those burdens because you can trace your share to an offering covered by that particular registration statement. If you can't trace your stock purchase to that registration statement, you can still show that, as a matter of fact, you relied on the statement and proceed on that basis, can't you? Well, as I understand it, Section 11 is the exclusive means of suing for misstatements in a registration statement. It's true that a 10b case could also be brought, but that doesn't necessarily concern a registration statement. And you're right, 10b has completely different standards and a completely different intent behind it. And there's a reason why there's two statutes, because Congress wanted to make the point that there should be strict liability for misstatements made in conjunction with registration statements, because registration statements are easily abused. And the reason for that is because you don't know much about the company, especially in an IPO. You don't know much about the company, so there's an intent there to hold them to a higher standard than other statements made to the market. In a regular 10b case, it could be any statement made in conjunction with a, you know, to the press or something like that. But this is different, and Congress had the intent here to make this. Yeah, but Twombly and Eckball say you can't just file a complaint and go on a fishing expedition. And we're not. You've got to state a plausible case. And, Your Honor, we're not going on a fishing expedition. The plaintiffs believed in good faith, and they pled it, that they purchased shares in the secondary offering, and they should be given a chance to prove that, just like every other part of every other case under a federal statute. And that's all we're saying. This doesn't implicate Article III. And I'll reserve the floor to you. Well, you don't have any more time, but Judge Watford has a question. I didn't want to interrupt when you were talking before. So let's say we agree with you that it should be analyzed under 12b-6. Was it okay for the district court to take into account the number of shares that were already on the market at the time of the secondary offering? I think it was, yes. And I don't think there's anything wrong with that. What we complained about was the fact that she took into consideration statements and declarations from defendants that said that plaintiffs didn't purchase shares directly from the underwriters. But under Section 11, you don't have to purchase shares directly from the underwriters. Section 12 deals with that. So Section 11 is broader in the standing that it affords to investors. And so I'm just asking that the Court allow plaintiffs to prove their case just like they would prove any other part of the case. Thank you. All right. Thank you. You've gone over on your time, but after we hear from the appellees, if any of the judges have questions, I'll give you additional time. Otherwise, it will be submitted at that time. Thank you, Your Honor. Good morning, Your Honor. Good morning. As we mentioned earlier, I will take up the bulk of the argument. If the Court has questions in certain areas, I think Mr. Erickson will jump up here and I will sit down. But I think the anticipated protocol is that I will be carrying the ball for most of the argument. All right. So I'd like to start by saying that I think the opening brief by the plaintiffs to a lesser extent, but still the reply brief by the plaintiffs, mischaracterizes the Court's ruling below. And we can all read it. I've read it pretty carefully. We tried in our brief to go through it and point to specific places where you can see her reasoning. Well, is this a 12b-1 case or a 12b-6 case? Well, you know, Your Honor, it really doesn't make too much difference, but I think the short answer is the same. I don't think they are exactly the same. They're different, but let me try to address that. And does Twombly and Iqbal even apply to 12b-1? I don't think – well, actually, I don't know that there's a case on this. I think there's probably not. So let me try to set the scene a little better than I have so far. We argued 12b-6 and 12b-1 to the district court, and we did that in two motions to dismiss. We did it the first time, and then they amended, and we did it the second time. We argued you don't have to look any further than 12b-6, and we cited Twombly and Iqbal and other cases and made that point. We also argued that you could decide the case under 12b-1. And under 12b-1, and this may get to your question, Your Honor, is there's kind of a branch. You can have a facial challenge to subject matter jurisdiction, which just looks at the face of the complaint, or you can have a factual challenge, which would be based on declarations and other evidence outside the pleadings and things incorporated. It seems like 12b-1 is sort of more jurisdictional and like where you would challenge there isn't diversity, you know, that there's not a reason to be and that Twombly and Iqbal apply to 12b-6. Yeah. Twombly and Iqbal obviously apply to 12b-6, and there are a bunch of cases, as the Court has pointed out, that apply, Twombly and Iqbal to 12b-6, including cases in this district, in the Northern District of California, and other cases. So that's very clear. I don't think there's a case that says if you have a facial challenge under 12b-1 to subject matter jurisdiction, how you would apply Twombly and Iqbal. Logically, if it's a facial challenge, I think they would apply. I think you'd need to do the same things you have to do under 12b-6. You'd have to show, as the Court has pointed out this morning, you'd have to show that you have pled facts to raise the claim above the level of speculation, which I think is critical here. And you have to plead facts that actively and plausibly suggest that you are entitled to relief. Roberts, just tell us up front. Which standard do you think we should apply when we write the disposition? Well, I think the court, the district court's ruling was under 12b-6. I think that's very clear. I'm happy to address that further if that's helpful. So I think the Court can affirm under 12b-6. The Court can look at what the district court did and said there's no issue or problem and affirm on that basis. The Court could also, I think, based on the record and facts that are not really in dispute and the law, decide the case under 12b-1 as well. What do you think is right? Well, I would, if the Court, this gets into a Supreme Court. That's why I want your help. Help us out. There's a debate in the Supreme Court, or has been, about whether you should decide a subject matter jurisdiction question before you go any further. And I've got to confess I have not been successful in trying to sort that out. So I guess if the Court concluded that it was a Federal court's obligation to dispose of a subject matter jurisdiction first before looking at any further issue on the merits, then I would say the Court should decide under 12b-1. Otherwise, I think the basis of the ruling below is very clear. It's fully supported by the record and the law, and I think you could and should affirm on that basis under 12b-6. Why do you think the failure to allege traceability adequately is a matter of standing a subject matter jurisdiction, rather than simply a failure to state a claim? Well, because, Your Honor, you don't suffer an injury under Section 11. You don't have an injury unless you purchase stock that came from the registration statement. Section 11 deals with registration statements. It deals with the issuance of stock under registration statements, and it provides a remedy only to people who purchase stock that was issued under a particular registration statement. And that, Your Honor, is subject matter jurisdiction. It's Article III case or controversy jurisdiction. And, you know, there are ---- Why isn't that just a failure to prove causation, just like in any tort? Okay. You know ---- Then in any tort, if I don't adequately plead the causation prong of it, then I don't ---- There's no subject matter jurisdiction? That doesn't make sense to me. Well, I wouldn't say it in Your Honor's hypothetical, but I would definitely say it here, and let me try to explain that. But then you get into that thorny issue of considering extrinsic evidence on a 12b-1. Right. And then it, you know, any time you get into extrinsic evidence, it starts looking more like a summary judgment or, you know, on a 12b-6, if it's referenced in the complaint, you know, you ---- that's one thing. But I don't know. Okay. Well, Your Honor, first, this Court in this decision decided under 12b-6 and did not refer to or rely upon any extrinsic evidence. I mean, that's very clear. We can just read the opinion and see what the basis of the ruling was, what the legal standards cited were, how the Court applied the law to the complaint. And she talked about pleading facts repeatedly. But I want to go back to your question. I'll let you say, but just so she can take into account the number of shares outstanding? Absolutely. And there's no dispute about that. I know. And I'm just wondering why they did that. There are several reasons. It's in its reference, it's in the registration statement, and it's in other SEC-filed documents of which the Court, under long-settled principles of this Court and everywhere else that I practice, can take judicial notice in ruling. But normally, we wouldn't take judicial ---- we wouldn't accept the truth of things that are just merely stated in a document of which we take judicial notice, would we? You would if you're talking about a registration statement and really plain vanilla objective facts like how many shares are being issued and what the price is. That happens all the time. You can get out on a peripheral point where are you really offering for the truth, and sometimes there's an issue there. But on this narrow question, it's right down the middle. How many shares, how many shares were in the market, those things are always considered by courts under 12b-6. It's just the way the law is developed. Roberts. Okay. Finish the answer you were starting on. Okay. So I wanted to get back to your question. And Warth v. Selden, which is a leading Supreme Court case, 422 U.S. 490 at 500 through 501 and again at 498, says, quote, The standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position the right to judicial relief, not on the merits of plaintiff's contention that a particular conduct is illegal. In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute of a particular issue. Counsel, hasn't the Supreme Court in recent cases distinguished between jurisdictional standing that is a B-1 function factor and so-called statutory standing, which falls under B-6? There is that distinction in the case law, Your Honor. I think that if you look at Warth v. Selden and a number of other cases, the mere fact that the statute says who has a remedy does not make it statutory standing, that you have to be able to show that you have suffered the kind of injury that's contemplated by the statute, that the injury that you have suffered personally is redressable under the statute. Didn't the U.S. Supreme Court criticize lower courts for too frequently confusing statutory standing, which is not jurisdictional, with jurisdictional standing, which is? And hasn't the Ninth Circuit come up with a protocol for distinguishing between the two, and doesn't this case fail that protocol? It does not fail the protocol, Your Honor. I'll just, as an aside, I want to get back to the Court's question. It doesn't make any difference in the outcome of this case. I think you can affirm it a number of different ways, including straight 12b-6, which was the basis of the Court's decision. But to get to Your Honor's question, I think that what Warth v. Selden and other cases, Lujan is another one that's a leading standing case, constitutional article 3, section 2, case or controversy standing case. And you have to show you have a personal stake in the outcome. It's the difference between, back to Your Honor's question, having the power to invoke the Federal jurisdiction to decide a dispute on the merits, as distinguished from arguing about the merits. So if I didn't purchase stock, then I don't have the power to ask a Federal court to adjudicate a controversy about that stock. I just don't – I'm not in that zone. I'm not part of the class that's protected. It's phrased a number of different ways. But the mere fact that the statute defines the scope of the legally protected interest, that's another sort of buzz phrase that comes up. Lujan is one of the leading cases on that. It's the interest that's protected by the statute. It is the legally protected interest that somebody has who purchased stock that came from a defective registration statement. If you didn't do that, you're sort of a stranger to the transaction. And you can't raise issues like, was a misrepresentation material? Was there an omission that made a statement misleading? You know, did the plaintiff know about the information already? Those are the merits. The other question is, am I somebody who has a personal stake? Am I somebody who has an injury that resulted from the conduct in this case that's alleged to be – have violated Section 11? And you don't get into that realm to make these arguments about the merits of the claim. This is what Worthy Selden is saying. Steele Company is another case that I think says it pretty clearly. And I'm – I'm just – I'm still confused by this distinction of drawings. Well, let's just take a 10b-5 case. Let's say I fail to adequately allege, I don't know, any one of the elements of a 10b-5 claim. Why aren't – why doesn't the same rationale apply there, that I'm just – I haven't brought myself within the class of people that's protected by the statute? Okay. Let me take a shot at that. You in that case have purchased stock of the issuer. If you've purchased stock of the issuer, you're over that hurdle. Then you can make all the arguments you want and invoke the jurisdiction of the court to adjudicate the merits. Defendants can say there's no causation, they have all kinds of defenses, it's all about the merits, but you get over that threshold, Article III, you know, issue. That you are at least in the category of people that's allowed to ask the Federal Court to adjudicate claims on the merits. The reason that that doesn't work in this case, and you've got the burden to establish Federal jurisdiction when you invoke it, as the Court knows, is you have to be able to show that you purchased stock that came from the defective registration statement. That's the whole scope of the remedy. That's the only injury that can be compensated or addressed. And unless you get over that threshold, then you are not in a position, you don't have a case or controversy under Article III, to ask the Court to look at other issues. Or you can't state a plausible claim. That's you can't state a plausible claim either. That's correct. Counsel, may I ask you one question apart from the jurisdictional standing issue? If this Court affirms, the district court, on the 12b-6 point, are we not, in effect, deciding that purchasers at secondary and tertiary and whatever 4 is, offerings where there are multiple prior issues in existence, can never state a claim under Rule 11? Your Honor, that's a question that was debated in the district court. It's come up in other decisions that have been published. I think the district court cited one from Judge Lynch, a venerable district court judge in the Northern District. And I would respond this way. I would say no is the short answer to your question. I think there are, at least hypothetically, circumstances in which somebody in the situation, Your Honor, hypothesized could show that his or her stock or its stock came from the offering. It's not easy. It won't happen very often. So I think it's a very small, small. Purchase from the underwriters. Yes. Then you have a Section 11 claim and a Section 12 claim. Or someone who purchased from the underwriter and can testify that he or she segregated the stock on their computers, which is highly unlikely. But that's it, isn't it? There may be you could ask for a certificate. You know, hypothetically, I think you can still ask for certificates. But the Court's point is a good one. I think there are some instances, so the answer to your question literally is no. In the real world, it's in many respects yes. But my answer to that is pretty straightforward. It's that, you know, we as defendants in securities cases do not like Section 11 for a whole bunch of reasons. You know, you don't have to prove reliance. You don't have to prove any kind of intent. I mean, it's a very, very tough, tough statute on defendants for a whole bunch of reasons. It's very literal. It's very mechanical. It has rules that are applied. And there's a reason for that. It goes back to 1933. But if you think you can prove Siena on the part of the defendant, you actually don't even have to prove reliance under 10B anymore because of the efficient market theory. But you get a whole bunch of benefits as a plaintiff under Section 11, and you have to, in order to get those benefits, be able to show that you are one of the people who's entitled to those benefits. And if you can't, you lose. Now, Congress could rewrite the 33 Act. We in the Defense Bar would very much like them to do that. Some of the plaintiffs in a situation like this, I'm sure, would like them to rewrite the 33 Act. They haven't done it. And I think there's enough decisions that have pointed this issue out that if Congress chose to act, they can do that. But until they do, I think statute really needs to be applied according to its terms. We don't appear to have any additional questions. Thank you. Thank you. Do any of the judges have any additional questions of the appellant? All right. Then this matter will stand submitted. Court is recessed until tomorrow at 9 o'clock.
judges: Singleton, Callahan, Watford